ELIZABETH GREEN, an Infant, by CATHERINE GREEN, Her Guardian ad Litem, and CATHERINE GREEN, Respondents, v. ANNIE GREENSTEIN, Appellant.— Action by infant plaintiff for damages for personal injuries received as a result of her hand going through a pane of glass in a building owned and controlled by the defendant, while she was attempting to open a door which was stuck. Companion action by the infant's mother for expenses and loss of services. Judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

REGINA GREENMAN, Appellant, v. ISAAC CHAIM GREENMAN, Respondent.— Appeal from an order granting reargument and on reargument adhering to the original decision, which denied plaintiff's motion to disaffirm the report of an official referee that plaintiff is not entitled to a declaratory judgment establishing her status as the wife of the defendant. Order, in so far as it adheres to the original determination and denies the motion to disaffirm the report of the official referee, reversed on the law and the facts, without costs, and the matter remitted to Special Term for a rehearing. The official referee correctly held that on this record the plaintiff had not established the validity of the divorce decree upon which she relied to sustain the validity of her marriage to the defendant. In this form of action that burden rested on her. However, plaintiff was not afforded an opportunity to establish the local law of Palestine so that it might be considered in connection with her contentions respecting the validity of the divorce. The record is in a very unsatisfactory state because plaintiff failed to establish where she was domiciled at the time of the divorce proceedings in Palestine; whether or not her first husband was a national of Palestine or Czechoslovakia or some other state at the time the proceedings in Palestine were had; whether the marital res was in Palestine; and also failed to establish the local law. It may be that a rehearing will be futile because the statutes of Palestine reveal that the Rabbinical Court had no jurisdiction under the local law to grant a valid decree of divorce to a " foreigner " such as plaintiff, which fact and the statutes relating thereto appear in the record of *Albeg* v. *Albeg* (259 App. Div. 744.). Lazansky P. J., Carswell, Adel, Taylor and Close, JJ., concur.

EMMA E. GRISEZ, Respondent, Appellant, v. MAURICE A. GRISEZ, Appellant, Respondent.— Both parties to an action for a separation appeal from an order fixing temporary alimony and a counsel fee. Order modified on the facts by striking from the first ordering paragraph the figure $150, and substituting in place thereof the figure $300; and by striking out the third ordering paragraph and substituting therefor a provision that defendant pay to plaintiff, at the office of her attorney, $300 for a counsel fee and the expenses of the litigation, on or before June 30, 1941. As so modified, the order is affirmed, with ten dollars costs and disbursements to plaintiff. Under the circumstances disclosed in the record, the increase of the amount of counsel fee is in order. The arrears in alimony payments, if any, are directed to be paid within ten days from the entry of the order hereon. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.